# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

Civil Case Number: _____

| | |
|---|---|
| Yajairis Vargas, | : |
| Plaintiff, | : |
| vs. | : |
| Vehicle Solutions Corp, | : |
| Defendant. | : |

## COMPLAINT

For this Complaint, the Plaintiff, Yajairis Vargas, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* (the "TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Yajairis Vargas ("Plaintiff"), is an adult individual residing in Riverview, Florida, and is a "person" as defined by 47 U.S.C. § 153(39) and is a "consumer," as defined by Fla. Stat. § 559.55(2).

5. The Defendant, Vehicle Solutions Corp ("VSC"), is a Florida business entity with an address of 104 Crandon Boulevard Suite 400, Key Biscayne, Florida 33149, and is a "person" as defined by 47 U.S.C. § 153(39) and is a "creditor" as defined by Fla. Stat. § 559.55(3).

## FACTS

6. Within the last year, VSC began calling Plaintiff's cellular telephone, number 813-xxx-6032 in an attempt to collect a debt.

7. VSC placed calls to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS").

8. When Plaintiff answered calls from VSC, Plaintiff heard a prerecorded message and had to wait on the line to be connected to the next available representative.

9. On or about December 15, 2018, Plaintiff spoke with a live representative in and requested that all calls cease.

10. Nevertheless, VSC continued to place automated calls to Plaintiff's cellular telephone number at an excessive and harassing rate.

## COUNT I

### VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et. seq.*

11. The Plaintiff incorporates by reference Paragraphs 1-10 of this Complaint as though fully stated herein.

12. At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an ATDS or predictive dialer.

13. In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

14. Defendant's telephone system(s) have some earmarks of a predictive dialer.

15. When Plaintiff answered calls from Defendant, Plaintiff heard a prerecorded message before Defendant's telephone system would connect her to the next available representative.

16. Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. Defendant placed automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

18. The telephone number called by Defendant was and is assigned to a cellular telephone service for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

19. Plaintiff was annoyed, harassed, and inconvenienced by Defendant's continued calls.

20. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. §§ 559.55-559.785

23. The Plaintiff incorporates by reference Paragraphs 1 though 10 of this Complaint as though fully stated herein.

24. The Defendant willfully communicated with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff or willfully engaged in other conduct which can reasonably be expected to abuse or harass Plaintiff, in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(7).

25. Plaintiff is entitled to damages as a result of Defendant's violations.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

   A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

   B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

   C. Statutory damages pursuant to Fla Stat.§ 559.77;

   D. Costs of litigation and reasonable attorney's fees pursuant to Fla. Stat. § 559.77 against the Defendant;

   E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 8, 2019

>                       Respectfully submitted,
>
>                       By  */s/ Janelle A. Weber*
>                       Janelle A. Weber, Esq.
>                       Florida Bar No. 017630
>                       Law Office of Janelle A. Weber, P.A.
>                       1520 W. Cleveland St., Ste. A
>                       Tampa, FL 33606
>                       Telephone: (813) 982-3663
>                       Facsimile: (813) 982-3810
>                       E-mail: jweber@janelleweberlaw.com