UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YAJAIRIS VARGAS,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　Case No: 8:19-cv-1109-T-60AAS

VEHICLE SOLUTIONS CORP.,

    Defendant.

_____

**ORDER DENYING "DEFENDANT, VEHICLE SOLUTIONS
CORP.'S, MOTION FOR SUMMARY JUDGMENT AS TO
COUNT I OF THE PLAINTIFF, YAJAIRIS VARGAS' COMPLAINT"**

This matter is before the Court on "Defendant, Vehicle Solutions Corp.'s Motion for Summary Judgment as to Count I of the Plaintiff, Yajairis Vargas' Complaint," filed on May 19, 2020. (Doc. 30). Plaintiff Yajairis Vargas filed a response in opposition to the motion. (Doc. 33). After reviewing the motion, response, reply, legal arguments, court file and record, the Court finds as follows:

**Background**

The son of Plaintiff Yajairis Vagas incurred a debt to Defendant Vehicle Solutions Corp. ("VSC") to purchase a car. Because her son worked for Plaintiff's company, Plaintiff made payments on his car loan by taking money out of his paycheck. Due to confusion over the timing of payments, the loan fell into arrears and VSC contacted the son to attempt to obtain payment. Plaintiff intervened to try to resolve the matter, calling VSC on her cell phone, which had a number ending in 6032. Plaintiff's daughter had purchased the cell phone for Plaintiff to use and the daughter

was the subscriber on the cell phone plan that included the 6032 number. Plaintiff, however, asserts that she is the primary user of the cell phone and the 6032 number.

VSC began calling Plaintiff on the 6032 number using both auto-dialing and recorded messages. Plaintiff repeatedly spoke with VSC representatives and directed them to cease calling, but VSC persisted, making hundreds of such calls to the 6032 number.

## **Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is not defeated by the existence of a factual dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Only the existence of a genuine issue of material fact will preclude summary judgment. *Id.*

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

## Analysis

The Telephone Consumer Protection Act ("TCPA") prohibits auto-dialed or prerecorded calls to cell phones without the "express prior consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA further provides that "[a] person or entity" may assert an action based on a violation of the foregoing provision, for monetary or injunctive relief, or both. 47 U.S.C. § 227(b)(3).

VSC's motion does not dispute that it is responsible for auto-dialed and recorded calls to Plaintiff's 6032 cell phone number, nor does it argue that the calls were made with the requisite "express prior consent of the called party." It argues only that Plaintiff lacks standing to sue under the TCPA. VSC argues that, "applying the logic" of the Eleventh Circuit's decision in *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014), the only persons with standing to sue under the TCPA's private cause of action are subscribers to the cell phone number to which the offending calls were placed. Here, that subscriber was not Plaintiff, but her daughter.

*Osorio* does not support VSC's motion for multiple reasons. First, *Osorio* did not address statutory standing or the TCPA's private cause of action, the issue raised in VSC's motion. It addressed the meaning of the phrase "called party" in the TCPA provision regarding consent to receive calls. The Eleventh Circuit's holding turned on the meaning of that specific language, which does not appear in the TCPA's provision for a private right of action. Second, *Osorio* is factually distinguishable because here, unlike *Osorio*, the plaintiff whose standing is at issue asserts that she is the primary user of the cell phone number in question. Third, even if the only parties with standing to sue were those who can also give the requisite consent, Plaintiff might

have been expressly or impliedly authorized by her daughter to provide the necessary consent, an issue VSC does not address.

As Plaintiff points out, the weight of authority, reflected in numerous cases in this district and elsewhere, is that persons in positions similar to that of Plaintiff have standing to sue under the TCPA.  *See, e.g., Leyse v. Bank of Am. Nat. Ass'n*, 804 F.3d 316, 318 (3d Cir. 2015) (holding that regular user of phone line and occupant of residence had statutory standing to bring action for alleged violations of TCPA's robocall provisions); *Soulliere v. Cent. Florida Inv., Inc.*, 8:13-CV-2860-T-27AEP, 2015 WL 1311046, at *4 (M.D. Fla. Mar. 24, 2015) (noting district court decisions holding that primary or regular user of the cell phone has standing under the TCPA, an issue not addressed by *Osorio*); *Gesten v. Stewart Law Group, LLC*, 67 F. Supp. 3d 1356, 1358-59 (S.D. Fla. 2014) (holding that user of cell phone number had standing under the TCPA even if she was not the subscriber and noting that *Osorio* addressed "called party" for purposes of consent, not standing); *Meyer v. Diversified Consultants, Inc.*, 3:14-cv-393-J-34JBT, 2014 WL 5471114, at *2 (M.D. Fla. Oct. 29, 2014)( ("The issue in [*Osario*] was not standing, but rather consent."); *Manno v. Healthcare Revenue Recovery Group, LLC*, 289 F.R.D. 674, 682 (S.D. Fla. 2013) (explaining that TCPA's private right of action provides that any "person or entity" injured by a violation may seek redress; standing is not expressly limited to the "called party.") (citing *Page v. Regions Bank,* 917 F. Supp. 2d 1214, 1217, (N.D. Ala. 2012)).  The Court finds the reasoning in these cases persuasive and, for all the reasons discussed above, *Osario* does not compel a different result.

Accordingly, it is **ORDERED, ADJUDGED** and **DECREED**:

"Defendant, Vehicle Solutions Corp.'s Motion for Summary Judgment as to Count I of the Plaintiff, Yajairis Vargas' Complaint" (Doc. 30) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 7th day August, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**