UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YAJAIRIS VARGAS,

    Plaintiff,

v.                                            Case No: 8:19-cv-1109-T-60AAS

VEHICLE SOLUTIONS CORP.,

    Defendant.
_____

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AND GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE A REPLY MEMORANDUM**

This matter is before the Court on Plaintiff Yajairis Vargas's "Motion to Strike the Declaration of Nuria Santamaria Submitted in Support of Defendant's Opposition to Plaintiff's Motion for Summary Judgment" (Doc. 47) and "Plaintiff's Unopposed Motion for Leave to File a Reply" (Doc. 46). Defendant Vehicle Solutions Corporation has not filed a response to the motion to strike but does not oppose the motion for leave to file a reply. After reviewing the motions, court file and record, the Court finds as follows:

**Background**

Plaintiff has sued Defendant under the Telephone Consumer Protection Act ("TCPA") based on the allegation that Defendant made numerous automated and/or prerecorded calls to Plaintiff's cell phone without her consent. Plaintiff has moved for summary judgment, arguing that there is no genuine issue of fact as to the TCPA violation and Defendant's willfulness. Defendant's response to the summary judgment

motion relied on testimony in an affidavit by Defendant's employee Nuria Santamaria, which states that in a phone call between Ms. Santamaria and Plaintiff on December 17, 2018, Plaintiff gave her consent to automated and recorded calls.

Plaintiff has moved to strike the Santamaria affidavit under Fed. R. Civ. P. 37(c), on the ground that Defendant failed to disclose Ms. Santamaria's identity during discovery. Plaintiff simultaneously filed a motion for leave to file a reply memorandum, which Plaintiff asserts would show that the Santamaria affidavit does not create an issue of fact precluding summary judgment. Plaintiff's motion for leave represents that Defendant does not oppose the filing of a reply memorandum.

## **Legal Standard**

Under Fed. R. Civ. P. 37(c), if a party fails to identify a witness as required under Rule 26(a) or (e), then that party is not allowed to use that witness to supply evidence on a motion, hearing, or at trial, unless the failure was substantially justified or is harmless. *See* Fed. R. Civ. P. 37(c)(1). When determining whether such a sanction is appropriate for failing to comply with Rule 26, courts will typically use a three-part test to determine whether noncompliance is substantially justified or harmless: (1) "the explanation for the failure to disclose the witness," (2) "the importance of the testimony," and (3) "the prejudice to the opposing party [if the witness had been allowed to testify.]." *See Watkins v. Pinnock*, 802 F. App'x 450, 456 (11th Cir. 2020); *Romero v. Drummond Co.,* 552 F.3d 1303, 1321 (11th Cir. 2008); *see also* Fed. R. Civ. P. 37(c)(1).

## Legal Analysis

Plaintiff's motion to strike the Santamaria affidavit is based on the fact that Defendant served no initial disclosures and also did not identify Ms. Santamaria in its response to Plaintiff's interrogatories served in September 2019. Plaintiff argues that this omission was unjustified and prejudicial, because discovery is now closed, Plaintiff's summary judgment motion is pending, and trial is scheduled to begin in December 2020.

Defendant's response to Plaintiff's summary judgment motion, however, attaches deposition testimony from Defendant's corporate representative Christina Perez taken on April 7, 2020, almost two months before the close of discovery. Ms. Perez testified that Plaintiff consented to the calls from Defendant, expressly basing her testimony in part on the fact that she was sitting within earshot when Ms. Santamaria spoke with Plaintiff on December 17, 2018. (Doc. 45-4, tr. pp. 23-27). The deposition transcript identifies Ms. Santamaria's first name as "Nubia" rather than "Nuria," but the two are obviously the same person. Plaintiff's counsel in the same deposition questioned Ms. Perez on the nature of consent purportedly given by Plaintiff to Ms. Santamaria during that call. (*Id.* at tr. pp. 43-44).

Where the identity of a previously undisclosed witness is revealed in deposition testimony, courts have held the previous failure to disclose to be harmless and have allowed the witness to testify. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Health & Wellness Services, Inc.,* 18-23125-CIV, 2020 WL 509996, at *3 (S.D. Fla. Jan. 31, 2020) ("[C]ourts in our Circuit routinely hold that a party's failure to disclose a witness is 'harmless' for purposes of Rule 37(c)(1) where, as here, the opposing party knew of the

undisclosed witness."); *Wajcman v. Inv. Corp. of Palm Beach*, 07-80912-CIV, 2009 WL 465071, at *5-6 (S.D. Fla. Feb. 23, 2009) (allowing witness to testify at trial where the witness was "critical," and moving party was well aware of the witness's existence); *Geico Cas. Co. v. Beauford*, No. 8:05-cv-697-T-24EAJ, 2007 WL 2412974, at *3 (M.D. Fla. Aug. 21, 2007) (allowing witness to testify even though he was not listed in initial or supplemental Rule 26(a)(3) disclosures because he was referenced in two separate court documents; the movant was therefore not "unfairly prejudiced" and had "notice and knowledge" of the witness "well before discovery closed").  As noted by the court in *Wajcman*, there is no obligation to provide supplemental disclosures where the information has been "'otherwise made known to the parties . . . during the discovery process, [such] as when a witness not previously disclosed is identified during the taking of a deposition.'" 2009 WL 465071, at *5 (quoting Advisory Committee Notes to Rule 26(e)).

      The Court concludes that is the case here.  The testimony of Ms. Santamaria on the central issue of consent is manifestly important to the case.  There is nothing in the record explaining why Defendant did not provide initial disclosures or identify Ms. Santamaria in its 2019 interrogatory responses.  However, Defendant's corporate representative Christina Perez disclosed Ms. Santamaria to Plaintiff in early April 2020, almost two months before the end of discovery, and it should have been clear to Plaintiff from Ms. Perez's testimony that Ms. Santamaria was a key witness whose testimony Defendant would likely seek to use in its favor.  Plaintiff therefore was not prejudiced and Defendant's failure to identify Ms. Santamaria earlier than the April 2020 deposition of Christina Perez was harmless.

The motion to strike the Santamaria affidavit will therefore be denied. However, Plaintiff's unopposed motion for leave to file a reply memorandum of no more than 5 pages addressing the Santamaria affidavit is granted.

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED**:

1. Plaintiff's "Motion to Strike the Declaration of Nuria Santamaria Submitted in Support of Defendant's Opposition to Plaintiff's Motion for Summary Judgment" (Doc. 47) is **DENIED**.

2. "Plaintiff's Unopposed Motion for Leave to File a Reply" (Doc. 46) is **GRANTED**. Plaintiff may file a reply memorandum of no more than 5 pages addressing the Santamaria affidavit on or before September 28, 2020.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 21st day September 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**