**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

YAJAIRIS VARGAS,

    Plaintiff,

v.    Case No: 8:19-cv-1109-T-60AAS

VEHICLE SOLUTIONS CORP.,

    Defendant.

_____

**ORDER DENYING "PLAINTIFF'S DISPOSITIVE MOTION FOR SUMMARY JUDGMENT"**

This matter is before the Court on "Plaintiff's Dispositive Motion for Summary Judgment and Memorandum of Law in Support," filed on July 8, 2020. (Doc. 38). Defendant Vehicle Solutions Corporation filed a response on August 21, 2020. (Doc. 45). Plaintiff filed a reply on September 28, 2020. (Doc. 49). After reviewing the motion, response, reply, court file, and record, the Court finds as follows:

**Background**

The son of Plaintiff Yajairis Vargas incurred a debt to Defendant to purchase a car. Because her son worked for Plaintiff's company, Plaintiff made payments on the car loan by taking money out of her son's paycheck. According to Plaintiff, the loan fell into arrears due to confusion over the timing of payments and Defendant contacted her son to attempt to obtain payment. Plaintiff intervened to try to resolve the matter, calling Defendant on her cell phone, which had a number ending in -6032. Plaintiff alleges that Defendant began calling Plaintiff on the -6032 number, using both auto-

dialing and recorded messages without her consent. She now moves for summary judgment.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is not defeated by the existence of a factual dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Only the existence of a genuine issue of material fact will preclude summary judgment. *Id.*

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations and evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation, Florida*, 344 F.3d 1161, 1164 (11th Cir. 2003).

## Analysis

The Telephone Consumer Protection Act ("TCPA") prohibits auto-dialed or prerecorded calls to cell phones without the "prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA further provides that "[a] person or entity"

may assert an action based on a violation of the foregoing provision, for monetary or injunctive relief, or both.  47 U.S.C. § 227(b)(3).

Plaintiff alleges that she never gave her consent to receive auto-dialed or prerecorded calls from Defendant, and if she did give consent, she subsequently revoked it, repeatedly speaking with Defendant's representatives and directing them to cease calling.  Plaintiff has moved for summary judgment, arguing that there is no genuine issue of fact as to the elements of the alleged TCPA violation or as to Defendant's willfulness.

In opposition to Plaintiff's motion, Defendant has submitted the deposition testimony of its collections manager, Christina Perez, and a declaration from Nuria Santamaria, a "skip tracer" also employed by Defendant.  Defendant argues that this evidence raises a genuine issue of material fact regarding consent.

In her deposition, Perez testified that as Defendant's collections manager, she typically sits in a room not far from employees such as Santamaria, who contact customers by phone.  She testified that on December 17, 2018, she overheard Santamaria speaking to Plaintiff over the phone, and that she herself spoke with Plaintiff on occasions after that.  While Perez did not specifically recall hearing Santamaria ask for Plaintiff's consent on that call, Perez testified that one of Santamaria's assigned tasks was to obtain consent to received auto-dialed and prerecorded calls.  She further testified that when a party requests *not* to be called, as Plaintiff claims she did, Perez is informed and speaks with the party.  Perez testified that did not happen on December 17, 2018, and Defendant's business records contain no reference to such a request by Plaintiff on that call.  Perez testified that only

several months later did Plaintiff request not to be called, at which point Perez put Plaintiff on "do not call" status, which was later lifted at Plaintiff's request.

Santamaria's affidavit corroborates Perez's testimony concerning the December 17, 2018 call. Her affidavit states that on that call Plaintiff gave consent for Defendant to contact her at the -6032 number using automatic and prerecorded systems. Plaintiff argues that Santamaria's affidavit is conclusory and should be disregarded. The affidavit, however, while not detailed, is not impermissibly conclusory. It provides Santamaria's position with Defendant, the date of the call, the participants in the call, and the content of the call relevant to the issues on Plaintiff's summary judgment motion. The Court is not required to disregard the affidavit because it does not recount other details of the conversation or because its statement regarding Plaintiff's consent is framed in somewhat "legal" language.

Plaintiff argues that if she in fact ever gave consent, she revoked it in subsequent calls, including the December 17, 2018, call. However, given the stark contrast between Plaintiff's and Defendant's versions of that call, a reasonable jury could question Plaintiff's credibility and disbelieve her testimony as to other calls as well.

Courts in TCPA cases have repeatedly held that conflicting evidence and credibility issues, such as those presented here, must be determined by the jury and preclude summary judgment. *See, e.g., Osorio v. State Farm Bank, F.S.B.,* 746 F.3d 1242, 1256 (11th Cir. 2014) (noting that conflicting witness testimony on consent presents "exactly the kind of factual dispute that cannot properly be resolved on summary judgment"); *Brown v. Ocwen Loan Servicing LLC,* 8:18-cv-136-T-60AEP,

2019 WL 4221718, at *7 (M.D. Fla. Sept. 5, 2019) ("Whether James revoked his consent is a question for the jury that cannot be resolved on summary judgment."); *Cinquini v. Synchrony Bank*, 16-cv-3409-T-36TGW, 2018 WL 7284359, at *9 (M.D. Fla. June 11, 2018) ("Where evidence conflicts over consent, summary judgment is unavailable.").

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED**:

"Plaintiff's Dispositive Motion for Summary Judgment and Memorandum of Law in Support" (Doc. 38) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 2nd day November, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**